UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
DOCKET NO. 1:15-CR-00099-MOC-DLH

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| MARK KLEIN, ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** comes before the Court on Defendant's pro se Motion for Compassionate Release/Reduction in Sentence. See Doc. No. 103. Defendant requests the Court to reduce his sentence based on the COVID-19 pandemic. See id. In support, he maintains that he suffers from a variety of health conditions, including: hypertension, thyroid problems, high cholesterol, psoriatic arthritis, psoriasis, depression, and chronic back pain. See id. at 7–8. He also asserts he is active in the prison chapel and that he is employed as an analyst at the Unicor Office Furniture Factor. See id. at 8. Defendant thus requests immediate release so that he can return to his family and work with his brothers at an employment services company. See id. at 8.

Title 18, Section 3582(c)(1)(A)(i) authorizes criminal defendants to request compassionate release from imprisonment based on "extraordinary and compelling reasons." But before doing so, they must at least ask the Bureau of Prisons to do so on their behalf and give the Bureau thirty days to respond. See United States v. Raia, No. 20-1033, 2020 WL 1647922, at *1 (3d Cir. Apr. 2, 2020). Here, Defendant has failed to show that he provided the Bureau with the requisite time to evaluate his request before seeking relief from this Court. See generally Doc. No. 103.

The Bureau shares this Court's "desire for a safe and healthy prison environment." Raia, 2020 WL 1647922, at *2. Given the Attorney General's directive that the Bureau "prioritize the

use of [its] various statutory authorities to grant home confinement for inmates seeking transfer in connection with the ongoing COVID-19 pandemic," the Court is confident that the Bureau will speedily resolve Defendant's compassionate release request. Id. (quoting Memorandum from Attorney Gen. to Dir., Bureau of Prisons 1 (Mar. 26, 2020)). Because Defendant has failed to show he exhausted administrative remedies provided by the Bureau, the Court declines to exercise any discretion it may have to modify Defendant's term of imprisonment at this time. See, e.g., United States v. Vigna, No. 16-CR-786, 2020 WL 1900495, at *6 (S.D.N.Y. Apr. 17, 2020) (declining to address the exhaustion question and requiring a defendant to file a compassionate release request with the Bureau). Defendant may refile his motion with supporting evidence[1] after exhausting available administrative remedies.

---

[1] Defendant has also failed to include any evidence supporting the assertions he made in his motion. The Court thus declines to exercise its discretion to order relief on this basis as well.

# ORDER

**IT IS, THEREFORE, ORDERED** that Defendant's pro se Motion for Compassionate Release/Reduction in Sentence, Doc. No. 103, is **DENIED**.

Signed: May 15, 2020

Max O. Cogburn Jr
United States District Judge